## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Thomas Sykora and Kari Sykora,

                    Plaintiffs,          Civ. No. 12-775 (RHK/JSM)

v.                                **MEMORANDUM OPINION**
                                **AND ORDER**

Chase Home Finance, LLC,

                    Defendant.

This case arises from Chase Home Finance LLC's ("Chase") foreclosure on Plaintiffs Thomas and Kari Sykora's home in Lonsdale, Minnesota. The Sykoras brought suit against Chase, which now moves to dismiss their Complaint. For the reasons below, the Court will grant Chase's Motion.

## BACKGROUND

The record in this case is sparse. Plaintiffs live at 722 Delaware Street Southwest, Lonsdale, Minnesota ("the Property"). To purchase the Property, they executed and delivered a mortgage to Chase Manhattan Mortgage Corp.[1] in 2004, securing a principal amount of $161,500. (Kelley Aff. Ex. A.) The mortgage was recorded with the Rice County Recorder's office on February 20, 2004. (Id.) Chase foreclosed on the Property and purchased it for about $180,000 at a sheriff's sale on August 10, 2011. (Id. Ex. B.)

---

[1] Chase Home Finance LLC is the successor by merger to Chase Manhattan Mortgage Corp. (Kelley Aff. Ex. B.)

Plaintiffs then filed suit in Rice County, Minnesota, asserting the following claims:  (1) churning under Minn. Stat. § 58.13, subd. 1(25); (2) violation of the Minnesota Consumer Fraud Act ("MCFA"), Minn. Stat. § 325F.69; (3) fraud; (4) duress; (5) violation of the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1601, *et seq.*; (6) violation of the Real Estate Settlements Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; and (7) defective foreclosure.  Chase removed the action to this Court and now moves to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).[2]  For the reasons that follow, the Motion will be granted

## STANDARD OF DECISION

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at 555; accord Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  Stated differently, the plaintiff must "assert facts that affirmatively and plausibly suggest that [he] has the right he claims . . . , rather than facts that are merely consistent with such a right."  Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citing Twombly, 550 U.S. at 554–57).  The complaint

---

[2] Defendant's counsel sent Plaintiffs a letter informing them that failing to respond to the Motion may result in the Court granting the Motion and ending their case.. (Doc. No. 10.)  Despite this notice, Plaintiffs did not respond to the motion or appear at the hearing noticed for June 27, 2012.

must be construed liberally, and any reasonable inferences arising from the complaint must be interpreted in the light most favorable to the plaintiff.  Twombly, 550 U.S. at 554-56. "Ultimately, evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

## ANALYSIS

### I.    Minnesota Statutory Claims

#### A.    Minn. Stat. § 58.13

Plaintiffs request that the Court determine their mortgage to be void because Chase engaged in "churning" in violation of Minn. Stat. § 58.13, subd. 1(25).  (Compl. ¶ 6.)  In Minnesota, however, any action based upon a statute-created liability "shall be commenced within six years."  Minn. Stat. § 541.05, subd. 1. This limitation begins to run "when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim." Park Nicollet Clinic v. Hamman, 808 N.W.2d 828, 832 (Minn. 2001) (citation omitted).

The statute of limitations began to run on this claim when they executed the mortgage—in February 2004—but they did not commence this action until February 2012 – two years after the statute had run.  Accordingly, their § 58.13 claim is time-barred.

### B.      Minnesota Consumer Fraud Act

Plaintiffs also assert a claim under the Private Attorney General Statute, Minn. Stat. § 8.31, that Chase violated the Minnesota Consumer Fraud Act ("MCFA"), Minn. Stat. § 325F.69.  See Grp. Health Plan, Inc. v. Philip Morris Inc., 621 N.W.2d 2, 5-8 (Minn. 2001) (holding that § 8.31 authorizes private actions for violation of [consumer fraud] statutes).  An action under the Private AG statute requires a plaintiff to "demonstrate that [his] cause of action benefits the public."  Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000).  A cause of action arising from "a single one-on-one transaction in which the fraudulent misrepresentation . . . was made only to [the injured party,]" however, does not benefit the public.  Id.

Here, Plaintiffs allege that Chase violated the MCFA when it issued the mortgage. They do not, however, allege Chase fraudulently misrepresented anything outside the single, one-on-one transaction that produced the mortgage.  They also fail to demonstrate how their cause of action would benefit the public.  The Complaint contains no allegations of any scheme to defraud the public or misrepresentations made to the public at large.  See Collins v. Minn. Sch. of Bus., Inc., 655 N.W.2d 320, 330 (Minn. 2003) (concluding that the plaintiffs sufficiently demonstrated a public benefit by showing that the defendant misrepresented the nature of a school program to the "public at large"); Flora v. Firepond, 260 F. Supp. 2d 780, 788 (D. Minn. 2003) (interpreting Collins to require misrepresentations to be made to the public at large).  The Court concludes that Plaintiffs have failed to allege facts that suggest their MCFA claim will benefit the public.

## II.    Fraud

Plaintiffs also request the Court to void their mortgage contract because of "fraud in the inducement and fraud in the factum."  (Compl. ¶ 6.)  Federal Rule of Civil Procedure 9(b) requires "all averments of fraud" to be pleaded with particularity. "Conclusory allegations that a defendant's conduct was fraudulent . . . are not sufficient to satisfy the rule."  BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 918 (8th Cir. 2007) (citation omitted).  A plaintiff must plead the "circumstances constituting fraud, including such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby."  Id. (quoting Fed. R. Civ. P. 9(b) and Abels v. Farmers Commodity Corp., 259 F.3d 910, 920 (8th Cir. 2001)); accord United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003) (complaint must identify the "who, what, where, when, and how" of alleged fraud).

The Complaint alleges that Chase's fraudulent behavior caused Plaintiffs harm but never identifies what constituted the fraudulent behavior.  It does not set forth any conversations, any representations on which Plaintiffs relied, or indeed any specific interactions between Plaintiffs and Chase.  A broad allegation that Chase promised to modify their loan does not give Chase notice of the time, place, or manner in which the supposed fraudulent representations took place such that it can prepare a defense.  Even construed liberally, the Complaint fails to meet Rule 9(b)'s particularity requirement.

### III.     Duress

Plaintiffs' attempt to void their mortgage on grounds of duress also fails. Although duress can be a defense to contract formation, it requires the agreement to have been "coerced by physical or unlawful threats; Minnesota does not recognize a cause of action for financial duress." Prod. Credit Ass'n of E. Cent. Wis. v. Farm Credit Bank of St. Paul, 781 F. Supp. 595, 604 n.7 (D. Minn. 1991) (MacLaughlin, J.); Bond v. Charlson, 374 N.W.2d 423, 428 (Minn. 1985).  Plaintiffs request that the mortgage be found illegal because they entered into it under duress.  They fail, however, to allege any facts showing physical or unlawful threats to support this assertion.

### IV.     TILA and HOEPA Claims

Plaintiffs seek rescission of their mortgage and statutory damages under both TILA and HOEPA.  Both TILA and HOEPA allow a borrower to recover damages and rescind a mortgage provided that the borrower acts within the one-year statute of limitations, see 15 U.S.C. § 1640(e),[3] which begins to run "when credit is extended through the consummation of the transaction between the creditor and its customer[.]" Dryden v. Lou Budke's Arrow Fin. Co., 630 F.2d 641, 646 (8th Cir. 1980).  Here, Plaintiffs entered into the mortgage agreement with Chase in 2004 and waited until 2012 to bring the instant action, which is well beyond the one-year statute of limitations.

---

[3] "HOEPA is simply a component of TILA, and thus, it is governed by the same statute of limitations."  Kataviravong v. Mirabella Mortg., LLC, Civ. No. 12-493 (ADM/JJG), 2012 WL 2045957, at *2 (D. Minn. June 6, 2012) (Montgomery, J.) (citing, inter alia, Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-19 (1998)).

## V.   RESPA

In their preliminary statement, Plaintiffs allege that Chase "failed to adequately respond to Plaintiffs' Qualified Written Request (QWR) for an accounting under RESPA."  (Compl. at 1.)  To the extent that this is presented as a claim under RESPA, it fails.  Although RESPA itself does not set a pleading standard, courts have interpreted it to require a showing of pecuniary damages.  See Hintz v. JPMorgan Chase Bank, N.A., --- F.3d ---, 2012 WL 2814310, at *5 (8th Cir. July 11, 2012) (affirming the district court's denial of a request to amend a RESPA claim on the basis of futility because the proposed amendment did not plead actual damages);  see also, e.g., Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009); Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("Plaintiff must, at a minimum, also allege that the breach [of RESPA duties] resulted in actual damages.").  Even under a liberal reading, no fact alleged in the Amended Complaint shows that Plaintiffs submitted a QWR, let alone that they suffered pecuniary harm as a result of Chase's failure to respond to it.

## VI.   Defective Foreclosure

Plaintiff's final claim alleges that Defendants "lack the authority . . . to collect payments and to foreclose because all assignments of the mortgage have not been duly recorded."  (Compl. at 2.)  They seem to be claiming that Chase foreclosed on the mortgage after it had failed to record the mortgage's assignment to some third party. Minnesota law requires a party instituting foreclosure proceedings to (1) record all assignments of the mortgage and (2) list each assignee in the foreclosure notice.  Minn.

Stat. §§ 580.02(3), 580.04(a)(1).  Plaintiffs, however, have offered no facts to support the assignment of the mortgage to a third party.  Moreover, the sheriff's certificate (Kelley Aff. Ex. B) establishes that the mortgage was not assigned.  See Minn. Stat. § 580.19 ("Every sheriff's certificate of sale . . . shall be prima facie evidence that all requirements of law in that behalf have been complied with . . . .").  Plaintiffs' vague allegations of an unrecorded assignment are insufficient to rebut the presumption of accuracy given to a sheriff's certificate, even at the pleading stage.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Chase's Motion to Dismiss (Doc. No 2) is **GRANTED**, and the Complaint (Doc. No. 1, Ex. A) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date:  July 20, 2012                          s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge